﻿Citation Nr: 19158965
Decision Date: 07/30/19 Archive Date: 07/30/19

DOCKET NO. 18-45 096
DATE: July 30, 2019

REMANDED

Entitlement to an initial increased rating in excess of 10 percent for a left wrist status post ganglion cyst excision (left wrist disability) is remanded.

Entitlement to an initial increased rating in excess of 10 percent for a right wrist status post ganglion cyst excision (right wrist disability) is remanded.

REASONS FOR REMAND

The Veteran served on active duty in the United States Navy from September 1995 to June 2002. 

This appeal to the Board of Veteran’s Appeals (Board) arose from a July 2016 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO). The Veteran filed a notice of disagreement (NOD) in July 2016. The RO issued a statement of the case (SOC) in August 2018 and a supplemental statement of the case (SSOC) in April 2019. The Veteran filed a substantive appeal (VA form 9) in August 2018.

Te Veteran contends that her left and right wrist disabilities warrant an initial increased rating in excess of 10 percent.

In an increased rating claim, a disability must be viewed in relation to its history. The investigation should emphasize the limitation of activity the disabling condition imposes. The rating specialist must interpret examination reports in light of the whole recorded history to establish a consistent picture so that the current rating may accurately reflect the elements of disability present. 38 C.F.R. §§ 4.1-2. (2018). When a veteran claims her disability has worsened after the examination the agency of original jurisdiction used for its decision on appeal before the Board, a new examination must be provided to determine the current level of disability. Snuffer v. Gober, 10 Vet. App 400 at 403. 

The Veteran reports her symptoms worsened. In her August 2018 VA Form 9, the Veteran stated that the “range in motion with both wrist (sic) are (sic) more limited now than normal.” A September 2018 medical report revealed flare-ups of the Veteran’s disability. The examining physician noted “now she has a volar L wrist ganglion which I can excise if she so chooses but at the risk of yet another recurrence.” See September 2018 VA Treatment Record. The note supports the Veteran’s claim of worsening. However, the VA denied the Veteran’s claim for increased rating. In the April 2019 Supplemental Statement of the Case (SSOC) that explained the denial, the VA stated that the condition is prone to recurrences, but it is not dangerous. Regardless of the nature of the condition, when evidence supports the claim that the condition is worsening, the VA should give an examination to determine the current level of the disability. For that reason, the Veteran’s claim for entitlement to an initial increased rating in excess of 10 percent for service connection for a left and right wrist disabilities is remanded.

The matters are REMANDED for the following action:

1. Obtain and associate with the Veteran’s claims file all outstanding VA treatment records. The VA should contact the Veteran to determine whether there are any outstanding private treatment records pertinent to her appeal and, if so, obtain any necessary authorizations for such records.

2. After all available records have been associated with the claims file, schedule the Veteran for an appropriate VA examination to determine the current nature and extent of all impairment due to his service-connected left and right wrist disabilities. The examination must reflect that the claims file was available to the examiner for review in conjunction with the examination. All indicated tests and studies should be performed, including x-rays and range of motion studies in degrees, and the results reported.

The examiner should describe the nature and severity of all manifestations of the Veteran’s left and right wrist disability. In this regard, the examiner should record the range of motion observed on clinical evaluation, in terms of degrees of palmar flexion, dorsiflexion, ulnar deviation, and radial deviation. If there is clinical evidence of pain on motion, the examiner should indicate the degree of flexion and/or deviation at which such pain begins. Then, after reviewing the Veteran’s complaints and medical history, the examiner should render an opinion, based upon his or her best medical judgment, as to the extent to which the Veteran experiences functional impairments such as weakness, excess fatigability, incoordination, or pain due to repeated use or flare-ups, and should portray these factors in terms of degrees of additional loss in range of motion in each plane (beyond that which is demonstrated clinically), if feasible.

With regard to flare-ups, if the Veteran is not currently experiencing a flare-up, based on relevant information elicited from the Veteran, review of the file, and the current examination results regarding the frequency, duration, characteristics, severity, and functional loss regarding her flares, the examiner is requested to provide an estimate of the Veteran’s functional loss due to flares and should express this factor in terms of the degree of additional loss in range of motion in each plane; or, if not feasible, explain why the examiner cannot do so.

If the examiner is unable to estimate functional loss due flares, in terms of degrees, after physical examination and eliciting the pertinent information about the flare-ups from the Veteran, he must explain why this is so. In doing so, the examiner may not rely solely upon his or her inability to personally observe the Veteran’s during a period of flare-up. See Sharp v. Shulkin, 29 Vet. App. 26 (2017).

Pursuant to Correia v. McDonald, the examiner must test and record the range of motion for both wrists in active motion, passive motion, weight-bearing, and nonweight-bearing. If the examiner is unable to conduct the required testing or concludes that the required testing is not necessary in this case, he should clearly explain why that is so.

All opinions provided must be fully explained with a complete discussion of the evidence of record and sound medical principles, which may reasonably explain the medical guidance in the study of this case.

 

DEBORAH W. SINGLETON

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD Zigan Danklou, Law Clerk

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.